NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LAURA WENKE,

          Plaintiff-Appellant,

  v.

FOREST LABORATORIES, INC.,

          Defendant-Appellee.

No.   18-15936

D.C. No. 5:14-cv-01898-EJD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted December 6, 2019[**]
San Francisco, California

Before:  GOULD and CALLAHAN, Circuit Judges, and BOUGH,[***] District
Judge.

Plaintiff-Appellant Laura Wenke appeals the district court's grant of

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen R. Bough, United States District Judge for the
Western District of Missouri, sitting by designation.

judgment on the pleadings in favor of Defendant-Appellee Allergan Sales, LLC.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2011, Wenke attempted to murder her estranged husband. After a criminal trial, a jury convicted Wenke of four felony counts, including premeditated attempted murder, and rejected Wenke's insanity defense. Wenke exhausted her criminal appeals. Wenke then filed a civil products liability action against Allergan, the manufacturer of Lexapro, the anti-depressant Wenke was irregularly taking over the seven months before the attack, claiming that Lexapro caused her to stab her husband. Allergan filed a motion for judgment on the pleadings, arguing that Wenke's conviction for premediated attempted murder precluded her from relitigating the issue of her liability and that public policy barred her from profiting from the crime.[2] The district court granted the motion and dismissed Wenke's claims with prejudice.

We review the district court's grant of the motion for judgment on the pleadings de novo. *Harris v. Cty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). Judgment on the pleadings is proper when "there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

---

[1] As of January 1, 2018, Forest Laboratories merged into Allergan Sales.
[2] We do not reach the issue of whether Wenke's claims should be dismissed on public policy grounds.

2

The party asserting collateral estoppel must demonstrate: "(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits." *Oyeniran v. Holder*, 672 F.3d 800, 806 (9th Cir. 2012). Wenke challenges whether the issue sought to be precluded is identical.

Under California law, which governs this diversity action, the identical-issue requirement asks whether "identical factual allegations" are at stake in the two proceedings. *Lucido v. Superior Court*, 795 P.2d 1223, 1225 (Cal. 1990). We consider four factors listed in the Restatement (Second) of Judgments to determine whether the issues are identical for purposes of collateral estoppel. *Restatement (Second) of Judgments* § 27 cmt. c (Am. Law Inst. 1982); *see Howard v. City of Coos Bay*, 871 F.3d 1032, 1041 (9th Cir. 2017). These factors are: (1) substantial overlap of evidence or arguments, (2) application of the same rule of law, (3) overlap in pretrial preparation, and (4) relatedness of the claims. *Howard*, 871 F.3d at 1041. We conclude that Wenke is precluded from relitigating the issue of her responsibility for the attempted murder.

**1.** There is a substantial overlap in the evidence and arguments advanced in the two proceedings. The evidence presented in the criminal trial included expert testimony on the possible effect of Lexapro on Wenke's mental state and

3

evidence of whether the attack was willful and premeditated. Wenke argued that she should not be held responsible because Lexapro rendered her legally insane. The same evidence and arguments would be advanced in this proceeding because Wenke again argues that she should not be held responsible for the attempted murder because of Lexapro's effect on her mental state. Wenke says she would introduce new expert testimony to support the irresistible impulse defense, but new testimony does not detract from the substantial overlap in the evidence.

2. Although the same rule of law would not be applied in both proceedings, this factor still supports an identical-issue determination because the determinations from the criminal proceeding are irreconcilable with the arguments presented in this action. In her criminal trial, Wenke argued under the M'Naghten theory that she lacked the cognitive and moral capacity to be held liable for attempted murder. Here, Wenke argues under the irresistible impulse theory that, even if she had cognitive capacity, she lacked volitional capacity to control her conduct. These are different rules of law, but the underlying issues are the same and the conclusions from the criminal proceeding undercut Wenke's theories in the civil action. The determination of premeditation is inconsistent with an argument that Lexapro created an uncontrollable impulse to kill her husband, and the determination that Wenke acted willfully, with the specific intent to murder her husband, is irreconcilable with the argument that Lexapro made Wenke unable to

4

control her conduct. *See Jacobs v. Fire Ins. Exchange*, 36 Cal. App. 4th 1258, 1287 (1995).

3. The pretrial preparation and discovery from the first proceeding should reasonably have included evidence of volitional incapacity. In the criminal proceeding, the pretrial preparation and discovery included evidence of Lexapro's effects on Wenke's mental state. Wenke had incentives to discover any evidence that would support a finding that the attack was involuntary, even if she could not expressly invoke the irresistible impulse defense.

4. Fourth, the claims in the two proceedings are related because they share factual predicates. The charges in the criminal proceeding were predicated on the same factual allegations as those on which the civil claims are based. Further, the damages alleged in this action stem from the conduct and claims adjudicated in the criminal trial.

5. Finally, the public policies underlying collateral estoppel, such as "preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation," support barring Wenke from litigating her irresistible impulse theory. *See Lucido*, 795 P.2d at 1231.

**AFFIRMED.**

*Wenke v. Forest Laboratories, Inc.*, 18-15936

BOUGH, District Judge, dissenting:

    I respectfully dissent.

FILED

JAN 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS